## JOHN PARKER *v.* THE STATE.

1. INDICTMENT. — Facts constituting an offence must be distinctly stated in an indictment, by positive averments, and not left to be deduced by argument or inference.

2. SAME — ROBBERY. — An indictment for robbery must state an assault or violence upon the person, and must be so certain as to the party upon whom the offence was committed as to notify the prisoner who the party is, and what charge he is called to answer to.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. HOOD.

On the 29th of May, 1879, the appellant was indicted by the grand jury of Tarrant County for robbery, and was placed on trial July 16, 1880, which resulted in his conviction and being sentenced to the penitentiary for ten years; from which judgment he prosecuted this appeal. There is no occasion for a statement of facts.

*Byron G. Johnson,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J. It may not be amiss, in order the better to illustrate our estimate of the indictment in this case, to copy the charging portion thereof, which is in the following

words, viz. : "That one John Parker, in the county of Tarrant and State aforesaid, on the twelfth day of February, in the year of our Lord one thousand eight hundred and eighty, with force and arms, did unlawfully, by assault, by violence, and putting in fear of life and bodily injury, fraudulently take two one-hundred-dollar bills, of the value of one hundred dollars each, one fifty-dollar bill, of the value of fifty dollars, belonging to one Wm. Barnett, being current money of the United States, which money the grand jury are unable more fully to describe ; also, five twenty-dollar pieces of gold coin, of the value of twenty dollars each, belonging to one M. C. McDonald, current money of the United States, which money the grand jury are unable more fully to describe, from the possession of the said owners, respectively, with intent to appropriate the same to the use of him, the said Parker ; contrary," etc.

The patent defect of this charge is that it does not allege who was assaulted, upon whom the violence was used, or who was put in fear of life and bodily injury. We can only infer that the pleader intended to aver that Barnett and McDonald were the parties who were thus injured. . Such an inference cannot supply the want of so material an averment in robbery as the person from whose possession the property was taken by means of the assault or violence used. Penal Code, art. 722.

It is a general rule with regard to the certainty in indictments, "As to the manner of making the averments in all cases, those which are descriptions of the crime must be introduced upon the record by averments, in opposition to argument or inference. In a word, the facts constituting the offence must be averred directly, forcibly, and with certainty, and not by way of argument or inference." *White* v. *The State*, 3 Texas Ct. App. 605, and authorities cited ; *Barnes* v. *The State, ante,* p. 128.

An indictment for robbery must state an assault or violence upon the person (2 Archb. Cr. Pr. & Pl., 8th ed.,

1295), and must be so certain as to the party against whom the offence was committed as to enable the prisoner to know and understand who that party is, and what charge he is called on to answer. 1 Whart. Prec. of Indict. 2, and notes.

In several other particulars the indictment in this case fails to come up to the requirements of established forms and precedents, so far as the same are applicable to our statute. 2 Archb. Cr. Pr. & Pl. (8th ed.), 1295; 2 Bishop's Cr. Proc. (3d ed.), sect. 1002; 1 Whart. Prec. of Indict. 410; *Reardon* v. *The State*, 4 Texas Ct. App. 410.

We deem it unnecessary to discuss the other errors complained of. Because the indictment is fatally defective, and the court therefore committed an error in overruling the motion in arrest of judgment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*